UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

D-4 LOMNIL JACKSON,

      Defendant.
_____/

Case No. 16-20460
Hon. Mark A. Goldsmith

**OPINION & ORDER
DENYING DEFENDANT LOMNIL JACKSON'S MOTION FOR COMPASSIONATE
RELEASE (Dkt. 1329)**

This matter is before the Court on Defendant Lomnil Jackson's motion for compassionate release (Dkt. 1329). Jackson pleaded guilty to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and he admitted to being a member of the Six Mile Chedda Grove criminal enterprise ("Six Mile"). As a member of Six Mile, Jackson admitted to conspiring to commit murders and distributing controlled substances while armed. On October 31, 2019, the Court sentenced Jackson to 150 months' custodial sentence, which he began serving that same day. See Judgement (Dkt. 1127). Jackson seeks compassionate release and requests that the Court reduce the remaining years of his prison sentence to time served, because of the dangers posed by COVID-19. The Government filed a response brief opposing such relief (Dkt. 1340), to which Jackson filed a reply in the form of a declaration (Dkt. 1348). For the reasons that follow, Jackson's motion is denied.

## I. BACKGROUND

Jackson is currently serving his sentence at Victorville USP in Victorville, California. The Bureau of Prisons' ("BOP") website reports that at Victorville USP there are 177 inmates and 24

staff member with active cases of COVID-19.[1] The BOP has implemented a COVID-19 action plan to minimize the risk of COVID-19 transmission into and within its facilities, which includes quarantining inmates, taking social distancing measures, and providing personal protective equipment to staff and inmates. Resp. at 7-12. Jackson made a request to the warden for compassionate release, asserting that his obesity, asthma, serious functional impairment, and deteriorating physical and mental health make him susceptible to COVID-19. Jackson Request, Ex. 1 to Gov't Resp. (Dkt. 1341-1). He also sought release due to his mother's poor health. Id. The warden denied relief. Warden Denial, Ex. 2 to Gov't Mot. (Dkt. 1341-2).

Jackson is twenty-seven years old and has a body mass index of approximately 33. Resp. at 20. His medical records do not reflect asthma or any other health conditions that might make him more susceptible to the more serious symptoms of COVID-19. See Jackson Med. R., Exs. 3 and 4 to Gov't Resp. (Dkts. 1341-3 and 1341-4).

Jackson now seeks a reduction in sentence from this Court under the First Step Act.

## I.  LEGAL STANDARD

The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Jones, 980 F.3d 1098, 1100 (6th Cir. 2020). A sentence modification decision under 18 U.S.C. § 3582(c)(1)(A) is a three-step inquiry. Id. A district court must first find that both "extraordinary and compelling reasons" warrant a sentence reduction, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. (quoting 18 U.S.C. § 3582(a)). If those

---

[1] BOP website: https://perma.cc/K9WC-6ZM8 (last visited on December 23, 2020).

two steps are satisfied, a district court must then consider all relevant factors under 18 U.S.C. § 3553(a).

With respect to the second step, in the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances."  U.S.S.G. 1B1.13 cmt. n.1(A)-(C).  Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children.  Id.  The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons.  U.S.S.G. 1B1.13 cmt. n.1(D).

Recently, in Jones, the Sixth Circuit held that U.S.S.G 1B1.13 does not apply to imprisoned person filed motions for compassionate release, because the section is directed to the BOP.  980 F.3d at 1109.  It said that, "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Id.; accord United States v. Ruffin, 978 F.3d 1000, 1007 (6th Cir. 2020).  Therefore, Jackson's motion requires a two-step inquiry asking whether extraordinary and compelling reasons warrant a sentence reduction, and whether a sentence reduction is appropriate after considering the relevant § 3553(a) factors.

## II.    ANALYSIS

Because the Government concedes that, in light of the COVID-19 pandemic, Jackson's BMI is an extraordinary and compelling reason warranting a sentence reduction, Resp. at 20,

3

Jackson's motion turns on consideration of the § 3553(a) factors.[2] The § 3553(a) factors do not favor a sentence reduction.

The § 3553(a) factors include the nature and circumstances of a defendant's offenses and the history and characteristics of the defendant, the seriousness of the offenses, and the need to protect the public from further crimes by the defendant. Jackson is a member of a violent, criminal street gang, and conspired to commit murders and trafficked controlled substances. He served a sentence in 2013 and 2014 related to a firearm charge, during which time he had 24 separate rule violations. Gov't Resp. at 23. While awaiting trial in this case, Jackson received multiple sanctions, one for fighting, another for assaulting without serious injury, and another for a sexual misconduct violation. See BOP Disc. R., Ex. 5 to Gov't Resp. (Dkt. 1341-5). Given the seriousness of Jackson's offense, his criminal history, his inability to abide by rules, and the significant time remaining on his sentence, the § 3553(a) factors do not favor his release.

### III. CONCLUSION

For the reasons stated above, Jackson's motion for compassionate release (Dkt. 1329) is denied.

SO ORDERED.

Dated: December 28, 2020  s/Mark A. Goldsmith
       Detroit, Michigan  MARK A. GOLDSMITH
                                    United States District Judge

---

[2] The Court notes that Jackson also argues that his release is warranted due to the incapacitation of his minor child's caretaker. Mot. at 5. However, as the Government notes, this justification was not presented to the warden. Resp. at 14-15. Therefore, that justification has not been exhausted, which the Sixth Circuit has made clear is required, United States v. Alam, 960 F.3d 831, 836-837 (6th Cir. 2020), and will not be considered in this opinion.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 28, 2020.

                                              s/Karri Sandusky
                                              Case Manager