UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,                       Case No. 16-20460
                                              Hon. Mark A. Goldsmith

vs.

LOMNIL JACKSON,

              Defendant.

_____/

**OPINION & ORDER**
**DENYING DEFENDANT LOMNIL JACKSON'S MOTION FOR**
**RECONSIDERATION (Dkt. 1378)**

On December 28, 2020, the Court denied Defendant Lomnil Jackson's motion for compassionate release (Dkt. 1365). Specifically, the Court found the relevant sentencing factors listed in 18 U.S.C. § 3553(a) did not favor Jackson's release. Subsequently, in a filing postmarked December 29, 2020, Jackson filed a notice of supplemental authority (Dkt. 1378). The Court treats this notice as a motion for reconsideration of the denial of his motion for compassionate release.

The Court may grant a motion for reconsideration if the movant satisfactorily shows that: (1) a palpable defect mislead the parties and the Court; and (2) correcting the defect would result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." Olson v. Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). The Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." Id.

In the motion, Jackson largely repeats the arguments he made in his motion for compassionate release. However, he argues for the first time that, the § 3553(a) factors weigh in

favor of his release due to (1) the length of imprisonment Jackson has already served and (2) the fact that several of Jackson's co-defendants have already been released. In its December 28, 2020 opinion, the Court expressly considered the length of imprisonment Jackson has already served and found that the "significant time remaining on his sentence" weighs against his release. See Dkt. 1365 at 4. Further, although Jackson is correct that "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" is one of the § 3553(a) factors, see 18 U.S.C. § 3553(a)(6), to the extent Jackson argues this sole factor must be determinative in the Court's § 3553(a) factor analysis, Jackson is mistaken. District courts have broad discretion as to how they balance these factors. See United States v. Allen, 819 F. App'x 418, 418 (6th Cir. 2020). As a result, "a defendant's disagreement 'with how the district court balanced the § 3553(a) factors' in denying compassionate release 'is not a sufficient ground for reversal.'" United States v. Austin, 825 F. App'x 324, 327 (6th Cir. 2020) (quoting United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020)). Here, the Court is satisfied that, even if several of Jackson's co-defendants have already been released, this fact alone does not alter the Court's conclusion that the § 3553(a) factors do not balance in Jackson's favor. For the reasons set forth in the December 28, 2020 opinion, the nature and circumstances of Jackson's offenses and Jackson's history and characteristics, the seriousness of Jackson's offenses, and the need to protect the public from further crimes by Jackson all weigh against his release.

Accordingly, Jackson's motion for reconsideration (Dkt. 1378) is denied.

SO ORDERED.

Dated: January 15, 2021
    Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge